**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher James WILDER,**
**Defendant–Appellant.**

No. 06–10032.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed April 30, 2007.

Daniel R. Schiess, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Todd Leventhal, Esq., Las Vegas, NV, for Defendant–Appellant.

Before: REINHARDT, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM *

Christopher James Wilder appeals his conviction by jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). During oral argument before this court, Wilder's counsel conceded that the district court properly applied the Armed Career Criminal Act and

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**554**

withdrew the appeal of Wilder's sentence. As the parties are familiar with the facts of the case, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291 and we affirm Wilder's conviction.

It was a violation of Wilder's Sixth Amendment rights to allow the jury to examine the guns during deliberations without first receiving the district court's authorization and without providing Wilder's counsel an opportunity to respond to the jury's request. *United States v. Barragan–Devis,* 133 F.3d 1287, 1289 (9th Cir. 1998). The circumstances resulting in this error and the nature of the evidence examined by the jury allow the court to adequately assess the error in light of the other trial evidence to determine whether the examination of the guns was harmless. *Cf. Riley v. Deeds,* 56 F.3d 1117, 1120 (9th Cir.1995) (citation omitted). Unlike in *Riley,* the error in this case did not constitute an abdication of judicial control. *Id.* at 1120–22. Therefore, *Riley* is distinguishable and the jury's examination of the guns was not a structural error requiring automatic reversal.

The record, including the nature of the evidence and the district court's statements following the error, demonstrates that the jury's examination of the guns during deliberations was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Barragan–Devis,* 133 F.3d at 1289.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).